Manuel Martínez Rodríguez, demandante y apelado, *v.* Freiría Hermanos & Co., S. en C., y J. Ruidíaz y Sobrino, demandados y apelantes.

No. 40. *Sometido:* Junio 17, 1929. *Resuelto:* Julio 15, 1929.

*Luis Muñoz Morales* y *E. Rincón,* abogados de la peticionaria y apelante; *R. Rivera Zayas,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Como consecuencia de la apelación establecida en este pleito contra la sentencia que lo decidió tenemos dos mociones para resolver que están íntimamente relacionadas: una del apelante Freiría Hermanos solicitando que aprobemos la transcripción de la evidencia hecha para su apelación por el taquígrafo porque la corte inferior se ha negado a aprobarla fundándose en que contándose el término que tiene el taquígrafo para preparar y presentar la transcripción de la evidencia desde la fecha en que fué dictada la orden para hacer la transcripción y no desde que esa orden le es notificada, la expresada transcripción ha sido presentada fuera del término legal: y la otra moción es de la parte apelada

solicitando que desestimemos la apelación de Freiría Hermanos contra la sentencia porque habiendo sido negada por la corte inferior la aprobación de la transcripción de la evidencia por haber sido presentada fuera de tiempo y habiendo sido interpuesta esa apelación el 21 de marzo de 1929, a la fecha de la moción, junio 4, 1929, no ha sido presentado en este tribunal el récord de la apelación. Se opuso el apelante a esta moción y presentó certificación creditiva de haber interpuesto apelación contra la resolución que le negó la aprobación de la transcripción del taquígrafo y de haber apelado también la resolución posterior negándose la corte a reconsiderar dicha negativa.

La solicitud del apelante Freiría Hermanos para que aprobemos la transcripción hecha por el taquígrafo no es procedente porque su verdadero objeto es que mediante dicha petición resolvamos si la corte inferior está equivocada o no en cuanto a desde cuándo debe contarse el término que el taquígrafo tiene para hacer ese trabajo, si desde que la orden disponiendo que lo hiciera fué dictada o desde que le fué notificada, de tal modo que si nosotros resolviéramos ahora esa cuestión en el sentido de que se cuenta desde la notificación, no tendríamos necesidad de aprobar nosotros la transcripción de la evidencia porque la corte inferior no tendría entonces motivo alguno para dejar de aprobarla, si está bien hecha, o para ordenar que sea enmendada. La solicitud a esta corte que autoriza la regla 64 de nuestro reglamento para aprobar nosotros un pliego de excepciones o una exposición de hechos, y por analogía una transcripción de la evidencia hecha por el taquígrafo, cuando la corte inferior se niega a aprobar, no tuvo en mente resolver por tal procedimiento cuestiones controvertidas distintas de las que naturalmente surgen respecto a la exactitud de dichos documentos, siendo cuestiones como las que se suscitan en este caso propias para otra clase de procedimientos; y

habiendo optado Freiría Hermanos por traer esa cuestión ante nosotros mediante apelación, no debemos decidirla en la petición que se nos ha presentado.

■ La desestimación de la apelación de Freiría contra la sentencia solicitada por el apelado tampoco es procedente porque estando apelada la resolución que negó la aprobación de la transcripción hecha por el taquígrafo, mientras esa negativa quede firme por desestimación de la apelación o por decisión sobre sus méritos no puede considerarse que la transcripción de la evidencia fué presentada fuera de tiempo y que por esto no pudo ser aprobada.

*Ambas peticiones deben ser negadas.*